IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES EARL BUTLER | § | |
| v. | § | CIVIL ACTION NO. 6:10cv528 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner James Earl Butler, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Butler filed his case purportedly as a petition under 28 U.S.C. §2241, claiming that he is not in custody pursuant to the judgment of a state court. The petition was filed in the Texarkana Division, where Butler is confined, but Magistrate Judge Earl Hines construed the petition as being brought under 28 U.S.C. §2254 and transferred it to the Tyler Division.

Butler says in his petition that the Smith County district attorney's office "fabricated an offense, concocted a judgment of conviction to reflect their fabricated offense, and sent Petitioner to prison on their fabricated offense of which there is no indictment. As a result of this unlawful act, there is no judgment of conviction in this case." However, he attaches a copy of the judgment of conviction, which was signed by state district judge Cynthia Kent on June 28, 2004, to his petition.

After review of the pleadings, Magistrate Judge John Love issued a Report on October 6, 2010, recommending that the petition be dismissed as successive. The Magistrate Judge

1

noted that this is the third federal habeas petition filed by Butler challenging the same conviction, and that Butler has not shown that he received permission from the Fifth Circuit Court of Appeals to file a successive petition, as required by 28 U.S.C. §2244; on the contrary, the Magistrate Judge said, Butler was denied such permission by the Fifth Circuit on January 29, 2010.

Although Butler seeks to evade the statute by arguing that he is "not in custody pursuant to the judgment of a state court," the Magistrate Judge rejected this argument as well. The Magistrate Judge thus recommended that Butler's petition be dismissed until such time as he receives permission from the Fifth Circuit Court of Appeals to file a successive petition.

Butler filed objections on October 15, 2010, and October 21, 2010. In his October 15 objections, Butler states that he presented the Court with "credible evidence" that the judgment of conviction is null and void, and that "no reasonable Magistrate Judge" would have characterized the petition as falling under Section 2254. He says that Magistrate Judge Hines thus erred in transferring the petition to Tyler. Butler also complains that he did not have an opportunity to object to the transfer and that he did not consent to allowing the Magistrate Judge to preside in his case under 28 U.S.C. §636(c); he says that the transfer order was "dispositive" because it construed his petition as arising under 28 U.S.C. §2254, and so the Magistrate Judge had no jurisdiction to enter it.

In his objections of October 21, 2010, Butler again argues that the transfer order was dispositive, and so Magistrate Judge Hines could only issue a recommendation, not an order. Because the Magistrate Judge exceeded his authority, Butler contends, the order of transfer is void and jurisdiction never vested in Tyler, rendering Magistrate Judge Love's Report recommending dismissal of the case void as well. He asks that the Court set aside the transfer order and determine that Magistrate Judge's Report "does not exist," because the case never should have left Texarkana.

Although Butler contends that he is not in custody pursuant to the judgment of a state court, he attaches a copy of the judgment to his petition. In addition, as the Magistrate Judge observed, the Twelfth Judicial District Court of Appeals has stated that Butler "entered an open plea

of guilty to aggravated assault with a deadly weapon. He was found guilty and sentenced to ten years of imprisonment and a $5,000.00 fine." These facts make clear that Butler is in custody pursuant to the judgment of a state court.

In Bagley v. South Carolina, civil action no. 2:10cv1557, 2010 WL 2893819 (D.S.C., June 24, 2010), the petitioner Bernard Bagley filed a habeas corpus petition purportedly under 28 U.S.C. §2241, claiming that his indictment and conviction were void. The U.S. District Court for the District of South Carolina noted that "Petitioner cannot select a label for his habeas petition and thwart Congress' statutory rules governing habeas petitions." The district court said that "if a person is in state custody pursuant to something other than a state court judgment, for example a state pre-trial bond order, then his habeas petition is not governed by §2254," *citing* Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004). Because Bagley was in custody pursuant to the judgment of a state court, albeit one that he claimed was void, the district court concluded that his petition properly proceeded under Section 2254.

The same situation exists in this case. Butler is in custody pursuant to a state court judgment, albeit one which he argues is "void." As such, his petition, like Bagley's, properly proceeds under 28 U.S.C. §2254. Magistrate Judge Hines did not err in transferring the case to Tyler, and Magistrate Judge Love did not err in recommending that the petition be dismissed as successive. Butler cannot evade the successive-petition rule by the simple expedient of recasting his petition as being governed by 28 U.S.C. §2241 rather than 28 U.S.C. §2254, when he is clearly in custody pursuant to the judgment of a state court. While Butler believes this state court conviction to be void, this is an argument which he can make to the Fifth Circuit Court of Appeals in seeking leave to file a successive petition. Butler's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that

the Petitioner's objections to this Report, and to the transfer of the case from Texarkana, are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no. 6) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, subject to receipt of permission from the Fifth Circuit Court of Appeals to file a successive petition. Butler may refile his petition at such time as he obtains such permission, but may not refile without permission. It is further

ORDERED that the Petitioner James Earl Butler is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate of appealability refers only to an appeal of the present case, and does not prevent Butler from seeking permission to file a successive petition, nor from pursuing his claims fully once such permission is received. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 17th day of November, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**